Francis X. Conlon, J.
This is an action in negligence. The accident occurred on April 24, 1954. The summons was served on the defendant Ebersole on April 24, 1957. It is alleged that the defendant Ebersole was and is an innkeeper and hotel operator in charge of the Thayer Hotel at West Point, New York, and conducted and operated the hotel as a public inn. It is further alleged that the defendant named as “ John Doe ” is the lessee or lessees, the proprietor or proprietors, or other person or persons in addition to the defendant Ebersole in charge of or control of the Thayer Hotel and that the plaintiff Lillian L. Henning was a paying registered guest at the hotel. The accident occurred in the hotel lobby.
This motion is made by the United States Attorney on behalf of the defendant Ebersole and of the United States of America sued as John Doe, for the dismissal of the complaint pursuant to subdivisions 1 and 5 of rule 107 of the Rules of Civil Practice upon the ground that the Hotel Thayer is situated within and is a part of the United States Military Academy at West Point, New York, and is owned by the United States of America and operated by it through the academy and, accordingly, the action *769 falls under sections 1346 and 2679 of title 28 of the United States Code. Pursuant thereto, it is argued the United States .District Courts have exclusive jurisdiction over suits against the United States for torts committed by its employees in the course of employment and that pursuant to section 2401 of title 28 of the United States Code the time limitation is two years. It is argued further that the consent of the United States to be sued as granted by the Federal Tort Claims Act (60 U. S. Stat. 842) is thus conditioned and that the conditions cannot be evaded by reaching the United States through suit against its employee.
The United States Code does not prohibit suits against the United States Government employees based upon personal liability for their own torts committed against third persons even though in the course of employment. Government employment does not confer immunity in such cases as distinguished from suits brought against the individual and which in reality seek relief against the Government by requiring action by the Government or disturbing its property or a judgment for the recovery of specific property or money, injunctive relief and the like. As to the defendant Ebersole, the motion is denied.
Plaintiff insists that no action has been commenced against the United States Government or against anyone named in the action as John Doe. Summons has been served on the defendant Ebersole only. Presumably the United States Attorney appears by authority for both the defendant Ebersole and the United States of America but plaintiff cannot be compelled to accept a defendant against whom it has not proceeded and may elect not to do so. In addition, the relationship of the defendant Ebersole to the hotel and of the hotel to the United States Government is not clearly and factually set forth. For those reasons, the motion is denied as to the United States Government.